Eastern District of Kentucky
FILED
MAY 13 2011
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 10-154-HRW

SUE BROCK,                                                  PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on March 25, 2008, alleging disability beginning on January 8, 2008, due to pain in her back, hips, legs and shoulders as well as depression (Tr. 147, 168).

This application was denied initially and on reconsideration.

On August 27, 2009, an administrative hearing was conducted by Administrative Law Judge Frank Letchworth (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On November 10, 2009, the ALJ issued his decision finding that Plaintiff was not disabled.

Plaintiff was 37 years old at the time of her application. She has at least a high school education. Her past relevant work experience consists of work as a cashier and cook.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 10).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 12).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 12-13).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 14) but determined that she has the residual functional capacity ("RFC") to perform a range of light work with certain restrictions as set forth in the hearing decision (Tr. 13-14).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 15).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 28, 2010 (Tr. 1-3).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

#### A.   Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.     Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate her credibility; (2) the ALJ improperly discounted the opinion of a treating source, Dr. C.A. Moore and (3) the ALJ improperly relied upon the testimony of the VE.

### C.     Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly evaluate her credibility.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are

supported by substantial evidence on the whole record.

Although the ALJ credited Plaintiff with a "mild to moderate" level of discomfort caused by her impairments, he concluded that the record failed to support the degree of pain and functional limitation alleged by her. The Court agrees. As the ALJ noted, Plaintiff has received only conservative treatment for her impairments and has not been referred to surgery or other aggressive treatment measures. Further, although treatment at a pain clinic was recommended, Plaintiff did not comply.

Given the lack of supporting medical evidence and Plaintiff's own contradictory actions, the Court finds that the ALJ properly evaluated Plaintiff's credibility ion this case.

Plaintiff's second claim of error is that the ALJ improperly discounted the opinion of a treating source, Dr. C.A. Moore.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only

if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In July 2009, Dr. Moore completed a medical assessment of Plaintiff's ability to do work-related activities in which he opined that she is unable to perform even sedentary work (Tr. 329-332). The ALJ discounted this opinion of extreme limitation. First, the ALJ noted that the assessment was completed well over a year since Dr. Moore had seen Plaintiff. Second, the ALJ noted that the assessment was not accompanied by the results of any diagnostic testing or reference to clinical findings. Finally, the ALJ observed that Dr. Moore's opinion was at odds with the other medical evidence of record.

The Court finds no error in the ALJ's consideration of Dr. Moore's opinion, but, rather, finds that he applied the proper legal standards in discounting the same.

Finally, Plaintiff contends that the ALJ improperly relied upon the testimony of the VE.

The Court finds that the hypothetical posed to the VE accurately portrayed the claimant's abilities and limitations, as required by *Varley v. Secretary of Health and Human Services*, 820 F.2d 777 (6th Cir. 1987) and its progeny. This rule is necessarily tempered by the requirement that the ALJ incorporate only

7

those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Based upon the credible medical evidence in the record and evaluation of claimant's daily activities, the ALJ crafted a hypothetical which accurately contemplated the same. In response to the ALJ's hypothetical, the VE cited to a significant number of jobs the hypothetical individual could perform. The VE's responsive testimony provided substantial evidence to support the ALJ's decision that claimant was not disabled.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __6__ day of May, 2011.

_____
Henry R. Wilhoit, Jr., Senior Judge